**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cr-60145-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAMILLE MIGHTY,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Camille Mighty's ("Defendant") Consolidated Motion to Order Home Confinement and Judicial Recommendation Regarding RRC Placement ("Motion"), ECF No. [34], filed on May 7, 2019. The Court has reviewed the Motion, the Government's Response, ECF No. [36], the record and applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

In the Motion, the Defendant requests that the Court (1) order home confinement upon her eligibility for such placement, and (2) that the Court make a recommendation of pre-release custody placement at a residential reentry center ("RRC"), pursuant to the Second Chance Act. ECF No. [34], at 1. The government opposes the Defendant's Motion. ECF No. [36]. The government's opposition to the Defendant's Motion is two-fold. First, the government argues that the Court lacks authority to determine where the Defendant shall serve her sentence, and that this determination is solely left to the discretion of the Bureau of Prison ("BOP"). *Id.* at 2. Second, the government argues that the Defendant's request for RRC placement is premature, and that

"[s]ection 3624(c) does not mandate that BOP place Defendant in an RRC or otherwise limit BOP's authority to determine Defendant's placement." *Id.*

As for the Defendant's first request—that she be placed in home confinement upon her eligibility, the Court agrees with the government that it does not have the authority to grant the relief the Defendant requests. Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") shall designate the place of a prisoner's imprisonment. "The BOP also retains discretion to decide how to classify prisoners and choose the institution in which to place them." *United States v. Anderson*, 517 F. App'x 772, 775 (11th Cir. 2013) (citing *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998)). Thus, BOP alone has sole discretion to make the determination of where the Defendant will serve her sentence and the Court cannot grant this request.

As for the Defendant's second request that the Court recommend that she be placed in an RRC facility upon her eligibility, the Court disagrees with the government that it may not take such action. Pursuant to 18 U.S.C. 3621 (b)(4)(B), while not binding, BOP is nonetheless required to *consider* the Court's recommendation in determining an inmate's placement at any available penal or correctional facility. *See* 18 U.S.C. 3621 (b)(4)(B) ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering . . . any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate."). The Court also notes that "BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors in § 3621(b)." *Huggins v. Pastrana*, No. 09-22635-CIV,

2010 WL 4384211, at *5 (S.D. Fla. Sept. 22, 2010). Thus, the Court grants the Defendant's Motion, as it relates to her request that the Court recommend she be placed at an RRC facility upon her eligibility.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendant's Motion, **ECF No. [34]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Court recommends that the Defendant be placed in an RCC facility once eligible.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Camille Mighty
18919-104
Alderson Federal Prison Camp
Inmate Mail/Parcels
Glen Ray Road-Box A
Alderson, WV 24910